**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION**

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA,** | ) | |
| | ) | |
| **v.** | ) | **3:06-CV-2410-M** |
| | ) | **(3:03-CR-424-M(04))** |
| **JOSE MANUEL MORFIN, #31287-177,** | ) | |
| Defendant/Movant. | ) | |

**FINDINGS, CONCLUSIONS AND RECOMMENDATION
OF THE UNITED STATES MAGISTRATE JUDGE**

Pursuant to the provisions of 28 U.S.C. § 636(b), and an order of the court in implementation thereof, this case has been referred to the United States Magistrate Judge. The findings, conclusions and recommendation of the Magistrate Judge are as follows:

FINDINGS AND CONCLUSIONS:

Type of Case: This is a *pro se* motion to vacate, set aside, or correct sentence brought by a federal prisoner pursuant to 28 U.S.C. § 2255. Movant is presently incarcerated within the Bureau of Prisons. The Court did not issue process in this case, pending preliminary screening.

Statement of the Case: Movant pled guilty pursuant to a plea agreement to possession with intent to distribute and distribution of cocaine. On September 10, 2004, the District Court entered a judgment sentencing Movant to 78 months imprisonment and a three-year term of supervised release. *United States v. Morfin*, 3:03cr424-M(04) (N.D. Tex., Dallas Div.). Movant did not appeal.

On December 29, 2006, Movant filed this § 2255, alleging ineffective assistance of counsel during pre-plea investigation and sentencing when counsel failed to file a motion for a

downward departure based on his status as a deportable alien.[1]

<u>Findings and Conclusions</u>:   The Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA) establishes a one-year statute of limitations for federal inmates seeking relief under 28 U.S.C. § 2255.  <u>See</u> 28 U.S.C. § 2255 ¶6; *United States v. Dodd*, 545 U.S. 353, 356-57 (2005). The district court may raise the affirmative defense of the statute of limitations *sua sponte*.  <u>See</u> <u>Kiser v. Johnson</u>, 163 F.3d 326 (5th Cir. 1999); *see also Day v. McDonough*, ___ U.S. ___, 126 S.Ct. 1675, 1684 (2006) (district courts are permitted, but not obliged, to consider, *sua sponte,* the timeliness of a state prisoner's habeas petition in process issued cases).[2]

The one-year period is calculated from the latest of either (1) the date on which the judgment of conviction becomes final; (2) the date on which an impediment to filing a § 2255 motion created by governmental action in violation of the Constitution or laws of the United States is removed, if the movant was prevented from filing by such governmental action; (3) the date on which the Supreme Court initially recognizes a new constitutional right, if that right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or (4) the date on which the facts supporting the claim became known or could have become known through the exercise of due diligence.  *See* 28 U.S.C. § 2255, ¶ 6.

---

[1] For purposes of this recommendation, the § 2255 motion is deemed filed on December 14, 2006, the date on which Movant signed it and presumably placed it in the prison mail.  *See United States v. Patterson*, 211 F.3d 927, 930 (5th Cir. 2000) (citing *Spotville v. Cain*, 149 F.3d 374, 377 (5th Cir. 1998)) (holding that a federal petition is deemed filed for determining application of the AEDPA when the prisoner tenders it to prison officials for mailing).

[2] On January 5, 2007, the Court advised Movant of the one-year statute of limitations and granted him thirty days to show cause why the § 2255 motion should not be dismissed as barred by the limitation period.  Movant filed a response to the show cause order on January 16, 2007.

Movant has alleged no impediment created by government action under subparagraph (2) that prevented him from filing his federal petition. Nor does he base his petition on any new constitutional right under subparagraph (3). While he relies in passing on *United States v. Booker*, 543 U.S. 220 (2005), it is now well established that *Booker* does not apply retroactively to an initial § 2255 motion. *See United States v. Gentry*, 432 F.3d 600, 605 (5th Cir. 2005).

With regard to subparagraph (4), the Court determines that the facts supporting Plaintiff's claims became known or should have become known prior to the date Movant's judgment of conviction became final. Thus, the Court will calculate the one-year statute of limitations from the date Movant's conviction became final at the conclusion of direct review or upon the expiration of the time for seeking such review. *See* § 2255, ¶6 (1).

Movant's conviction became final on September 22, 2004, the last day on which he could have appealed to the Fifth Circuit Court of Appeals from the judgment of conviction entered on September 10, 2004. *See* Fed. R. App. 4(b)(1)(A) ("In a criminal case, a defendant's notice of appeal must be filed in the district court within 10 days after the later of (i) the entry of either the judgment or the order being appealed; or (ii) the filing of the government's notice of appeal.").[3] The one-year period began to run on September 23, 2004, and expired on September 22, 2005. Movant did not file this § 2255 motion until December 14, 2006, more than fourteen months after the expiration of the one-year period. Therefore, Movant's § 2255 motion is clearly untimely absent equitable tolling.

---

[3] Although Movant was sentenced on September 3, 2004, the judgment of conviction was not entered on the docket until September 10, 2004. The Court has relied on the latter date in calculating the ten-day period for appeal purposes under Fed. R. App. P. 4(b)(1)(A).

In response to this Court's show cause order, Movant relies on *Heflin v. United States*, 358 U.S. 415 (1959), to assert that a § 2255 motion "may be made at any time." (Movant's Response (Resp.) at 1). This contention is wholly meritless in light of the enactment of the Antiterrorism and Effective Death Penalty Act in 1996, which incorporated a one-year statute of limitations for § 2255 proceedings.

Next, Movant asserts that his "language barrier" and lack of legal training, and counsel's failure to advise him about the one-year period entitle him to equitable tolling. (Movant's Resp. at 2).

The one-year statute of limitations can be equitably tolled, but only in cases presenting "rare and exceptional circumstances." *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002). "'The doctrine of equitable tolling preserves a plaintiff's claims when strict application of the statute of limitations would be inequitable.'" *United States v. Patterson*, 211 F.3d 927, 930-31 (5th Cir. 2000) (quoted case omitted). "'Equitable tolling applies principally where the plaintiff is actively misled by the defendant about the cause of action or is prevented in some extraordinary way from asserting his rights.'" *Coleman v. Johnson*, 184 F.3d 398, 402 (5th Cir. 1999) (quoting *Rashidi v. American President Lines*, 96 F.3d 124, 128 (5th Cir. 1996)); *see also Melancon v. Kaylo,* 259 F.3d 401, 408 (5th Cir. 2001). Further, "equity is not intended for those who sleep on their rights." *Fisher v. Johnson*, 174 F.3d 710, 715 (5th Cir. 1999). Rather, "[e]quitable tolling is appropriate when, despite all due diligence, a plaintiff is unable to discover essential information bearing on the existence of his claim." *Id.* at 715, n. 14. Finally, a habeas petitioner bears the burden of proving that he or she is entitled to equitable tolling. *Phillips v. Donnelly*, 216 F.3d 508, 511 (5th Cir. 2000).

4

Movant's lack of familiarity with the English language does not rise to the level of a rare or exceptional circumstance, which would warrant equitable tolling of the AEDPA limitations period. Inability to speak or read the English language is a disability common to many incarcerated persons and as such it does not warrant equitable tolling. *United States v. Polbo-Torres*, 2005 WL 81725, *2, 3:04cv1541-P (N.D.Tex. 2005); *See also Zinsou v. Dretke*, 2004 WL 2381243, *1, 4:04cv566-A (N.D.Tex. Oct. 22, 2004) (adopting recommendation of the magistrate judge) (citing *Cobas v. Burgess,* 306 F.3d 441, 444 (6th Cir. 2002) (the inability to read and speak English is not in itself a sufficient basis for equitable tolling)); *United States v. Cordova*, 202 F.3d 283, 1999 WL 1136759 (10th Cir., Dec. 13, 1999) (unpublished opinion) (inability to read and speak English language does not warrant equitable tolling); *United States v. Teshima-Jiminez,* No. CRIM. 97-087, 1999 WL 600326, *2 (E.D.La. Aug. 5, 1999) ("lack of legal research material and assistance" and "little English spoken" in petitioner's prison not "rare and exceptional circumstances" to justify equitable tolling).

Nor does Movant's *pro se* status and lack of legal training justify equitable tolling. (Movant's Resp. at 2). The Fifth Circuit has held that "neither a plaintiff's unfamiliarity with the legal process nor his lack of representation during the applicable filing period merits equitable tolling." *Turner v. Johnson*, 177 F.3d 390, 391-92 (5th Cir. 1999).

Finally, Movant's assertion that he is entitled to equitable tolling because his trial attorney failed to advise him of the time within which to seek relief pursuant to § 2255 (Movant's Resp. at 2) is patently frivolous. The Sixth Amendment does not require counsel to apprise a defendant of the availability of collateral proceedings for attacking a conviction or any limitations on the seeking of such relief. Moreover, a prisoner does not have a right to counsel

5

during post-conviction proceedings. *United States v. Riggs*, 314 F.3d 796, 799 (5th Cir. 2002); *Cousin v. Lensing*, 310 F.3d 843, 849 (5th Cir. 2002).[4]

For the foregoing reasons Movant's request to toll the statute of limitations on equitable grounds should be denied.

RECOMMENDATION:

For the foregoing reasons it is recommended that the District Court DISMISS the motion to vacate, set aside or correct the sentence pursuant to 28 U.S.C. § 2255 as time barred.

A copy of this order will be mailed to Movant.

Signed this 26th of February, 2007.

*[signature: Wm. F. Sanderson, Jr.]*

WM. F. SANDERSON, JR.
UNITED STATES MAGISTRATE JUDGE

NOTICE

In the event that you wish to object to this recommendation, you are hereby notified that you must file your written objections within ten days after being served with a copy of this recommendation. Pursuant to *Douglass v. United Servs. Auto Ass'n,* 79 F.3d 1415 (5th Cir. 1996) (*en banc*), a party's failure to file written objections to these proposed findings of fact and conclusions of law within such ten-day period may bar a *de novo* determination by the district judge of any finding of fact or conclusion of law and shall bar such party, except upon grounds of plain error, from attacking on appeal the unobjected to proposed findings of fact and conclusions of law accepted by the district court.

---

[4] Nevertheless, the plea agreement in this case reflects Movant waived his right to appeal the sentence and to file a § 2255 motion except under very limited circumstances. (*See* Plea Agreement ¶ 11).